FILED
U.S. DISTRICT COURT
WAYCROSS DIV.

2009 AUG 14 AM 11: 11

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ELMON MCCARROLL ELMORE, JR., )
)
    Plaintiff, )
)
v. ) CASE NO. CV508-004
)
ASSISTANT WARDEN PEGGY ANN )
COOPER, Coffee Correctional )
Facility, individually and in )
her official capacity, and )
CORRECTIONS CORPORATION OF )
AMERICA, a Tennessee )
Corporation, )
)
    Defendants. )
)

## O R D E R

Before the Court are Plaintiff Elmon Elmore's Objections (Docs. 77, 88, 90, 92, 100, 114, 128) to eight of the Magistrate Judge's Orders (Docs. 68, 74, 75, 76, 86, 107, 109, 123). Plaintiff has objected to the Magistrate Judge's Orders on Plaintiff's (1) Motion for Witness Statement and Request (Doc. 66); (2) Request for the Production of Documents (Doc. 73); (3) Motion for Subpoena Duces Tecum (Doc. 72); (4) Renewed Motion to Appoint Counsel (Doc. 70); (5) Motion to Suppress Deposition (Doc. 78); (6) Motion for Discovery Guidance (Doc. 91); (7) Motion to Compel Discovery (Doc. 103); and (8) Amended Motion to Compel Discovery (Doc. 116). For the following reasons, the Magistrate Judge's

Orders are **AFFIRMED** (Docs. 68, 74, 75, 76, 107, 109, 123), with the exception of the Order Denying Plaintiff's Motion to Suppress Deposition (Doc. 86). After careful consideration, the Magistrate Judge's Order Denying Plaintiff's Motion to Suppress Deposition is **VACATED**. However, Plaintiff's Motion to Suppress Deposition is **DENIED**. (Doc. 78.)

**BACKGROUND**

Plaintiff, an inmate at Jimmy Autry State Prison in Pelham, Georgia, filed this action under 42 U.S.C. § 1983 contesting the conditions of his confinement while he was incarcerated at the Coffee County Correctional Facility in Nicholls, Georgia. Specifically, Plaintiff alleged Defendants implemented a policy that severely limited his ability to mail legal documents, thereby restricting his access to the courts in violation of the First Amendment.

Finding that Plaintiff's Complaint contained nonfrivolous claims, the Magistrate Judge ordered the United States Marshal to serve Defendants with copies of the Complaint. (Doc. 14); see 28 U.S.C. § 1915A (requiring a district court to screen prisoner complaints for cognizable claims). During discovery, Plaintiff filed twenty substantive motions covering a broad range of issues. (Docs. 22, 23, 24, 25, 36, 41, 46, 57, 59, 66, 70, 72, 73, 78, 87, 91, 94, 103, 116, 124.) While a few of the filings were

2

meritorious (see Docs. 51, 69), the Magistrate Judge denied most of Plaintiff's Motions. Presently before the Court are Plaintiff's Objections to various Orders of the Magistrate Judge denying eight of Plaintiff's Motions.

**ANALYSIS**

Where a party files timely objections to a Magistrate Judge's Order on a nondispositive issue, the District Court must "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." S.D. Ga. L.R. 72.2; see 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a). As all of Plaintiff's Objections concern nondispositive orders, the Court will only disturb the Magistrate Judge's decision if it is either clearly erroneous or contrary to law.

I. Motion for Witness Statement and Request

In this Motion, Mr. Douglas J. Stickels, who is not a party in this case, sought to have the Court notify Plaintiff of an affidavit Mr. Stickels previously filed in support of Plaintiff. (Doc. 66 at 1; see Doc. 52 (Affidavit of Douglas J. Stickels)). Mr. Stickels purported that he was acting "on behalf of Plaintiff." (Doc. 66 at 1.) The Magistrate Judge denied the Motion because it was not signed by Plaintiff, Mr. Stickels was not a licensed attorney, and Defendants were not properly served with a copy of the Motion. (Doc. 68 at 1.)

After reviewing Plaintiff's Objections (Doc. 77), the Magistrate Judge's Order was not clearly erroneous or contrary to law. First, Federal Rule of Civil Procedure 11(a) requires that every written motion submitted to the court "must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." The Court is required to strike any motion not conforming to this Rule. Fed. R. Civ. P. 11(a). Second, Federal Rule of Civil Procedure 5(a)(1)(D) requires a party to serve any "written motion, except one that may be heard ex parte," on all parties in the case. Because the Motion presently before the Court fails to comport with either of these requirements, the Magistrate Judge's Order is **AFFIRMED**.

II. Request for the Production of Documents

In this Motion, Plaintiff requested Defendant Corrections Corporation of America ("CCA") produce certain documents during discovery. (Doc. 73.) The Magistrate Judge denied Plaintiff's Motion because it was a discovery request, which should be served on Defendant CCA rather than the Court. (Doc. 75.)

After reviewing Plaintiff's Objections (Doc. 88), the Magistrate Judge's decision was not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 34(a) allows any party in the case to serve on any other party,

4

without leave of court, a request for discovery. Accordingly, the Magistrate Judge's Order is **AFFIRMED**.

III. Motion for Subpoena Duces Tecum

In this Motion, Plaintiff sought to subpoena all communications between Defendant Cooper and two employees at the Georgia Department of Corrections Legal Office that pertained to the Coffee County Correctional Facility's mail restrictions. (Doc. 72 at 1-2.) The Magistrate Judge denied Plaintiff's request pursuant to the January 16, 1996 Standing Order of the Southern District of Georgia prohibiting the issuance of subpoenas to "any party litigant who is incarcerated in a jail or prison. In such cases, arrangements will be made for the attendance of necessary witnesses and the production of necessary documents through other means." (MC496-006 Doc. 1 at 1.) The Standing Order authorizes Magistrate Judges to decide whether the requested subpoena should issue. (Id. at 1-2.)

After reviewing Plaintiff's Objections (Doc. 90), the Magistrate Judge's decision was not clearly erroneous or contrary to law. This Court's Standing Order clearly grants the Magistrate Judge the authority to decide whether a subpoena requested by a prisoner should be issued. Furthermore, the Magistrate Judge need only make alternate arrangements where, in his discretion, he deems the documents

5

necessary. Finally, Plaintiff could have obtained the documents by serving Defendant Cooper, a party to this case, with a request to produce under Federal Rule of Civil Procedure 34. For these reasons, the Magistrate Judge's Order is **AFFIRMED**.

IV. <u>Renewed Motion to Appoint Counsel</u>

In this Motion, Plaintiff requested the Court appoint counsel to assist him in this case. (Doc. 70.) The Magistrate Judge denied Plaintiff's Motion, finding no exceptional circumstances in this case that would warrant the appointment of counsel.

After reviewing Plaintiff's Objections (Doc. 92), the Magistrate Judge's decision was not clearly erroneous or contrary to law. A prisoner pursuing a claim under 42 U.S.C. § 1983 does not have a constitutional right to appointed counsel. <u>Poole v. Lambert</u>, 819 F.2d 1025, 1028 (11th Cir. 1987). The privilege of appointed counsel in a civil case is justified only when a district court, exercising its discretion, determines that exceptional circumstances exist warranting such an appointment. <u>Steele v. Shah</u>, 87 F.3d 1266, 1271 (11th Cir. 1996). In this case, the Magistrate Judge did not abuse his discretion in determining the absence of exceptional circumstances. Accordingly, the Magistrate Judge's Order is **AFFIRMED**.

V.   Motion to Suppress Deposition

In this Motion, Plaintiff sought to suppress his Deposition, taken by Defendants, on the ground that his decision making skills during the Deposition were impaired due to his medical condition and prescription medication. (Doc. 78 at 1-2.) The Magistrate Judge denied Plaintiff's Motion. (Doc. 86.) However, the Magistrate Judge failed to include any reasoning to support his decision. Therefore, the Magistrate Judge's Order is **VACATED**. As a result, this Court will make its own creditability determination and rule on Plaintiff's Motion.

In his Affidavit, Plaintiff stated that he was "sick as a dog" on the day of the Deposition. (Doc. 79 at 1.) Plaintiff contends that was suffering from a fever, was in considerable pain due to the condition of his leg, and was "high on pain medication, chronic care medication and antibiotics." (Id.) Plaintiff reasons that he was unable to competently participate in the Deposition due to these maladies. (Id.)

In an opposing Affidavit, Defendants' counsel, Mr. Stephen E. Curry, stated that the health services administrator, a registered nurse, informed him that Plaintiff was capable of participating in the Deposition. (Doc. 85, Curry Aff. ¶ 4.) According to Mr. Curry, the

7

administrator informed him that Plaintiff was experiencing leg pain, was on antibiotics, and was taking Motrin—a non-narcotic pain medication. (Id.) During the Deposition, Plaintiff informed Mr. Curry that he was taking only non-narcotic pain medication. (Id.; see Doc. 121, Elmore Dep. 32:9-18.) Finally, Mr. Curry contends that Plaintiff never asked to postpone the Deposition and appeared "clear headed and spoke clearly." (Doc. 85, Curry Aff. ¶ 7.)

A review of Plaintiff's deposition testimony supports Defendants' assertions. In the Court's estimation, Plaintiff appeared alert and responsive during the Deposition. Throughout the Deposition, Plaintiff gave very cogent answers to Mr. Curry's questions.[1] (See, e.g., Doc. 121, Elmore Dep.

---

[1] For example, Plaintiff gave a very detailed and thorough answer to a question concerning the contents of specific e-mails:

> Ms. Cooper and Mr. Thomas were both explained to that the policy with regard to ad litem notice was mandated, mandatory. It was applicable to private prisons, including Coffee Correctional Facility, that there was no CCA policy that overrode or undercut the policy for ad litem notice.
>
> In addition, that special mailing at the time I was complaining still applied, because she knew of the negotiations between CCA attorneys and Department of Corrections' attorneys, and that emails—several—were sent to not only Mr. Todd Thomas, but especially to Ms. Peggy Cooper.

11:11-25, 19:20-20:14, 32:21-33:4.) When faced with a question that Plaintiff was unable to answer, Plaintiff simply stated that he did "not have the information available at this time to provide the answer to that question." (Id. 28:7-10.) After reviewing the Deposition, the Court is unable to find any answer by Plaintiff that suggests he was adversely affected by either illness or medication. Based on the Affidavits and a review of the Deposition, the Court finds that Plaintiff was not adversely affected by illness or medication. Accordingly, Plaintiff's Motion to Suppress is **DENIED**.[2]

---

(Doc. 121, Elmore Dep. 20:3-14.) Perhaps most telling was Plaintiff's response to Mr. Curry's question concerning one of Plaintiff's contentions that his counsel was deficient at trial:

> For example, the street lights on the street where a witness allegedly said he saw my face clearly. There are no street lights within 90 yards in one direction and over 110 yards in another, so the ambient light would have been impossible with the tint on the windshield and windows of the vehicle I was driving. The attorney could have easily verified that there were no street lights to allow ambient light to illuminate my face for this witness to allegedly see.

(Id. 11:17-25.) These answers show that Plaintiff was providing detailed and articulate answers to Mr. Curry's questions, rather than responding unintelligently due to illness or medication.

[2] Plaintiff also moved to suppress the Deposition on the ground that the incorrect case number was on the cover of the transcript. (Doc. 78 at 1.) Defendants have admitted this error and informed the Court they will make the appropriate

9

VI. Motion for Discovery Guidance

In this Motion, Plaintiff renewed his request for documents relating to communications between Defendant Cooper and two employees at the Georgia Department of Corrections Legal Office. (Doc. 91.) As discussed above, supra Part III, the Magistrate Judge did not abuse his discretion in denying Plaintiff's Motion. Accordingly, the Magistrate Judge's Order is **AFFIRMED**.

VII. Motion to Compel Discovery

In this Motion, Defendant requested the Court compel Defendants to answer certain interrogatories propounded and produce certain documents requested by Plaintiff. (Doc. 103.) The Magistrate Judge denied Plaintiff's Motion because it failed to state the specific interrogatories and documents. (Doc. 109.)

After reviewing Plaintiff's Objections (Doc. 114), the Magistrate Judge's decision was not clearly erroneous or contrary to law. Southern District of Georgia Local Rule 26.5(a) requires a motion to compel a response to an interrogatory or the production of documents to "quote verbatim" each interrogatory or request to produce that is

---

correction. (Doc. 85 at 2.) Because Plaintiff did not claim any inaccuracies in the substantive content of the Deposition, the Magistrate Judge properly denied his Motion on this ground.

10

the subject of the request. Clearly, the Court cannot compel a party to answer a specific interrogatory or document request if it does not know to which demand the party failed to respond. Accordingly, the Magistrate Judge's Order is **AFFIRMED**.

VIII. Amended Motion to Compel Discovery

In this Amended Motion, Plaintiff requested that the Court compel Defendants to produce certain documents requested during discovery.[3] (Doc. 116.) The Magistrate Judge denied Plaintiff's Amended Motion after determining that Defendants provided adequate responses to Plaintiff's requests. (Doc. 123.) In addition, the Magistrate Judge concluded that Defendants are not obligated to provide Plaintiff copies of the requested documents free of charge. (Id.)

After reviewing Plaintiff's Objections, the Magistrate Judge's decision was not clearly erroneous or contrary to law. Many of Plaintiff's requests were unrelated to the issue of whether the facility implemented an unconstitutional mail policy. In addition, pro se parties do not have a

---

[3] The Amended Motion complied with Local Rule 26.5, correcting the fatal lack of specificity noted in Part VII above. However, Plaintiff stated in his Brief in Support that he "is not worried about the Defendants' responses to the interrogatories." (Doc. 116 at 2.) Therefore, the Court will only consider Plaintiff's requests for production of documents.

11

constitutional right to free copies of records, regardless of their in forma pauperis status. See Tabron v. Grace, 6 F.3d 147, 158-61 (3d Cir. 1993), Ennis v. Teague, 882 F. Supp. 1023, 1024 (M.D. Ala. 1995). Accordingly, the Magistrate Judge's Order is **AFFIRMED**.

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's Orders are **AFFIRMED** (Docs. 68, 74, 75, 76, 107, 109, 123), with the exception of the Order Denying Plaintiff's Motion to Suppress Deposition (Doc. 86). After careful consideration, the Magistrate Judge's Order Denying Plaintiff's Motion to Suppress Deposition is **VACATED**. However, Plaintiff's Motion to Suppress Deposition is **DENIED**. (Doc. 78.)

SO ORDERED this 14th day of August, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA