# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

ELMON McCARROLL ELMORE, JR.,

    Plaintiff,

v.                                     CIVIL ACTION NO.: CV508-004

PEGGY ANN COOPER, Assistant
Warden, and CORRECTIONS
CORPORATION OF AMERICA,
a Tennessee Corporation,

    Defendants.

## ORDER

After an independent and de novo review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Plaintiff asserts that a factual dispute exists, which precludes summary judgment. Plaintiff also asserts that he has shown that his access to the courts was impeded by Defendants' refusal to mail his habeas corpus filing package, tort claim notice, and a 42 U.S.C. § 1983 complaint through the indigent postage policy. Plaintiff further asserts that he has shown he suffered actual injury to his cases, which is a requisite to showing the denial of access to the courts.

AO 72A
(Rev. 8/82)

Plaintiff contends that the Magistrate Judge misconstrued relevant case law and that the right of access to the courts without undue interference by the State is an individual right. Plaintiff alleges that the record demonstrates that Defendant Cooper arbitrarily and capriciously refused to send out his "large, phone book sized" package containing his habeas corpus petition, tort claim notice, and section 1983 complaint. (Doc. No. 148, p. 6). Plaintiff also alleges that the Magistrate Judge did not view the evidence in the correct manner. According to Plaintiff, the "question that was not answered here is whether a jury could reasonably find either that [he] proved his case by the quality and quantity of evidence required by the governing law or that he did not." (Id. at 7). Plaintiff asserts that the Magistrate Judge did not address the fact that Defendant Cooper acted with actual malice in hindering his efforts to file causes of action with various courts. Plaintiff avers that Defendants did not provide him with stamps so that he could mail his non-frivolous pleadings. Plaintiff states that it took him 14 years to prepare his habeas corpus petition, which was well-researched and well-prepared and which would have "won" his freedom. (Id. at 13). Plaintiff contends that the reason he wanted to file such a large pleading is because he has never heard of an inmate securing his freedom by filing only the pre-printed, seven page form. Plaintiff also contends that he should not have to prove a case within a case and that he has shown he suffered an actual injury.

Plaintiff's Objections largely are redundant and conclusory and are without merit. In addition, Plaintiff's claims against Defendants fail as a matter of law. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is

**DISMISSED.** The Clerk of Court is directed to enter the appropriate judgment of dismissal.

SO ORDERED, this 23rd day of SEPTEMBER, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA