IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ELMON MCCARROLL ELMORE, JR.,  )
                              )
     Plaintiff,               )
                              )
v.                            )  CASE NO. CV508-004
                              )
PEGGY ANN COOPER, Assistant   )
Warden of Coffee Correctional )
Facility, Individually and in )
Her Official Capacity, and    )
CORRECTIONS CORPORATION OF    )
AMERICA,                      )
                              )
     Defendants.              )
                              )

## O R D E R

This case has been remanded by the Eleventh Circuit Court of Appeals. (Doc. 216.) In its opinion, the Eleventh Circuit vacated this Court's prior order denying Plaintiff's Motion for Leave to File Out of Time Appeal (Doc. 159). Apparently, the Eleventh Circuit construed Plaintiff's motion as a request to file an out of time appeal of this Court's order denying Plaintiff's Motion to Amend/Correct Judgment (Doc. 155).[1] As a result, the Eleventh Circuit

---

[1] The Court has, once again, reviewed both Plaintiff's Motion for Leave to File Out of Time Appeal (Doc. 159) and Notice of Appeal (Doc. 160). Based on these documents, this Court cannot find any intent by Plaintiff to appeal any order other than that dismissing his case. (See Doc. 160 ("Notice is hereby respectfully given that [Plaintiff] hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the order granting Defendant's Motion for

remanded the case to this Court to determine if Plaintiff "has satisfied the requirements of Rule 4(a)(6) that must be met in order to give the district court discretion to reopen the time to appeal from the order denying his motion to alter or amend that judgment." (Doc. 216 at 5.)

In that regard, a review of the docket indicates a strong possibility that the Clerk of Court failed to mail Plaintiff a copy of this Court's order denying his Motion to Amend/Correct Judgment. While the docket contains a notation that Plaintiff was mailed a copy of the order dismissing his case, there is no docket entry reflecting that Plaintiff was mailed a copy of the order denying his Motion to Amend/Correct Judgment. Therefore, the Court concludes that Plaintiff did not receive notice of the entry of the order denying his Motion to Amend/Correct Judgment, entitling him to a reopening of the time to file a notice of

---

Summary Judgment and Dismissing Plaintiff's Complaint, entered in the action on September 23, 2009 with Plaintiff's Motion to Amend/Correct being denied on Nov. 6, 2009.") (emphasis added).) Therefore, this Court did not reach the question of whether Plaintiff should be permitted to appeal the Court's order denying his Motion to Amend/Correct Judgment because Plaintiff did not raise it in his Notice of Appeal. Nevertheless, the Eleventh Circuit has apparently construed the Notice of Appeal to be appealing from both orders, leaving this Court with the task of determining whether Plaintiff should be allowed, pursuant to Federal Rule of Appellate Procedure 4(a)(6), to file an out of time appeal from this Court's order denying his Motion to Amend/Correct Judgment.

appeal with respect to that order. <u>See</u> Fed. R. App. P. 4(a)(6). Accordingly, Plaintiff's Motion for Out of Time Notice of Appeal is **GRANTED IN PART** and he shall have **fourteen days** from the date this order is entered to file a notice of appeal from this Court's order denying his Motion to Amend/Correct Judgment. Plaintiff is **WARNED** that the Court will not grant any extensions to this fourteen-day deadline.

This, however, does not alter the Court's original determination that Plaintiff is not entitled to a reopening of the time to file an appeal from the order dismissing his case. As discussed in this Court's previous order (Doc. 178), the Federal Rules of Appellate Procedure state that the time for filing a notice of appeal can be reopened only where a party "did not receive <u>notice</u> . . . <u>of the entry</u> of the judgment or order sought to be appealed." Fed. R. App. P. 4(a)(6) (emphasis added). While the rule states that the time for filing a notice of appeal is tolled when a party files a motion to alter or amend the judgment, <u>id.</u> 4(a)(4)(A)(iv), the time resumes running upon "the <u>entry of the order</u> disposing of" such a motion, <u>id.</u> 4(a)(4)(A) (emphasis added). Therefore, while the time to file a notice of appeal can be reopened where a party failed to receive <u>notice</u> of the entry of a <u>judgment or order</u>, the time

to file a notice of appeal is only tolled until a court enters an order disposing of the tolling motion. In short, the Rules do not require that a party receive notice of the entry of the order disposing of the tolling motion for the time to file a notice of appeal to resume running–the clock resumes ticking simply upon the entry of the order disposing of that motion on the court's docket. If the drafters of the Federal Rules of Appellate Procedure intended to require that a party receive notice of the entry of an order tolling the time to file a notice of appeal for the tolling to conclude, they knew how to include that requirement. Therefore, the absence of the notice requirement in Rule 4(a)(4)(A) indicates an intention to require only the entry of an order disposing of a tolling motion for the time to file a notice of appeal to resume winding down.

In this case, Plaintiff received notice of the entry of judgment dismissing his case no later than September 29, 2009. (Doc. 155 at 2.) Therefore, Plaintiff originally had until October 29, 2009 to file his notice of appeal. Plaintiff's October 5, 2009 Motion to Amend/Correct Judgment (id.) tolled the time to file a notice of appeal until November 6, 2009, when the Court entered an order denying that motion (Doc. 157). As a result of the tolling from October 5 to November 6, 2009, the time for Plaintiff to

file his notice of appeal was extended to December 1, 2009. However, Plaintiff did not file his notice until January 21, 2010. (Doc. 160.) Therefore, Plaintiff's notice of appeal was untimely, and the window for filing such a notice was not subject to being reopened because, as discussed above, Rule 4(a)(6) was inapplicable due to Plaintiff receiving notice of the order dismissing his case.

The Court recognizes that this works a harsh result for parties in Plaintiff's situation. However, the Court is not free to simply ignore the text of the Rules and their logical outcome, which require that the portion of Plaintiff's motion requesting that he be allowed to file an out of time appeal from this Court's order dismissing his case be **DENIED**. Plaintiff is reminded that he has **fourteen days** from the date this order is entered to appeal this Court's order denying his Motion to Amend/Correct Judgment and that no extensions will be granted.

SO ORDERED this 5th day of July 2011.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA